IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                    Case No. 03-10129-01-JTM

MARSHALL D. SEITTER,

Defendant.

MEMORANDUM AND ORDER

The present matter arises on defendant's motion for relief from judgment pursuant to Fed.

R. Civ. P. Rule 60(b) or, alternatively, pursuant to 28 U.S.C. § 2255 (Dkt. No. 81).  For the

following reasons, the court denies defendant's motion.

Defendant, Marshall D. Seitter, originally pleaded guilty to receipt of child pornography

in violation of 18 U.S.C. § 2252(a)(2) (count 1) and criminal forfeiture (count 2) on December

11, 2003.  On May 9, 2006, the defendant was arrested for violating the terms of his supervision

and was subsequently detained.  In a September 22, 2006 revocation hearing, the court noted that

it had spoken with Dr. Hernandez, Director of the Sex Offender Treatment Program at FBI

Butner, about the possibility of defendant participating in the program.  Although there were no

guarantees, the court understood that if it recommended the defendant for the program, he would

be accepted.  After considering the evidence, the reports, and counsel's arguments, the court

sentenced the defendant to 28 months in prison, to be followed by three years of supervised

release.  It further recommended designation to Butner for defendant to participate in the Sex

Offender Treatment Program.

Thereafter, on March 28, 2007, defendant filed the present motion alleging that defendant

was not placed in the Program at Butner, but was in the general population.  On April 6, 2007,

the government received an e-mail from Michael Bourke, Ph.D., Staff Psychologist, Sex

Offender Treatment Program, Butner, stating that defendant was sentenced around the time that

Butner began a moratorium on new admissions to the Sex Offender Treatment Program in

preparation for changes under the Adam Walsh Act, and therefore, the defendant's referral to the

program was not accepted.

Defendant's present motion requests relief from judgment under Fed. R. Civ. P. Rule

60(b), or in the alternative, under 28 U.S.C. § 2255.  Because Rule 60(b) motions do not apply to

criminal proceedings and do not provide relief from judgment in a criminal case, the court will

consider defendant's motion as a 28 U.S.C. § 2255 motion.  *See United States v. Mosavi*, 138

F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment

in a criminal case.").  To prevail on a 28 U.S.C. § 2255 motion, the defendant must show a defect

in the proceedings that resulted in a "complete miscarriage of justice."  *Davis v. United States*,

417 U.S. 333, 346 (1974).

Federal courts have authority to vacate sentences under § 2255 "imposed in violation of

the Constitution or laws of the United States," "in excess of the maximum authorized by law,"

"that the [sentencing] court was without jurisdiction to impose," "or . . . otherwise subject to

collateral attack."  28 U.S.C. § 2255.  The court strongly recommended that defendant participate

in the sex offender program at Butner.  However, the district court also noted that during the

revocation hearing, "there are obviously no guarantees." Dkt. No. 80, at 3. Defendant does not

meet the § 2255 standard because he does not demonstrate that a defect in the proceedings

resulted in a complete miscarriage of justice; that the sentence was issued in excess of the

maximum authorized by law; or that the sentence was otherwise subject to collateral attack.

Furthermore, § 2255 relief is not available for claims based on the frustration of the subjective

intent of the sentencing judge. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). For this

reason, the court denies defendant's motion for § 2255 relief.

Defendant also argues that the court should have considered 18 U.S.C. § 3582(a) at the

revocation hearing, by relying on *United States v. Manzella*, 475 F.3d 152 (3rd Cir. 2007). The

*Manzella* court held that it was error for the district court to base the initial sentence solely on

rehabilitative purposes. In the present case, however, the court imposed the sentence upon

defendant following a revocation of supervised release. The court noted in *Manzella*, that "this is

an issue entirely different from determining what an initial sentence should be, as the revocation

of supervised release is governed by 18 U.S.C. § § 3583(3) and (g), which mandate consideration

of 3553(a), but not of § 3582(a)." *Id*. at 160 n. 4. Additionally, the Tenth Circuit held that the

limitations imposed by 18 U.S.C. § 3582(a) apply only when a court initially "impose[s] a

sentence to a term of imprisonment" for the crime committed. *United States v. Tsosie*, 376 F.3d

1210, 1215 (10th Cir. 2004). Therefore, the district court may consider correctional needs of a

defendant when imposing a sentence following the revocation of supervised release. *United*

*States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). For these reasons, the court denies

defendant's motion.

IT IS ACCORDINGLY ORDERED this 9th day of August, 2007, that defendant's motion

(Dkt. No. 81) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE